# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Sandra M. Moore, Administrator | : | |
| of the Estate of James A. White | : | |
| 197 Race Track Road | : | |
| Wellston, Ohio 45692 | : | |
| | : | Civil Action No.: 2:21-cv-4134 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Tedd E. Frazier, | : | |
| Jackson County Sheriff | : | |
| 350 Portsmouth Street | : | **COMPLAINT** |
| Jackson, Ohio 45640 | : | **(Jury Demand Endorsed Hereon)** |
| | : | |
| and | : | |
| | : | |
| Scott Conley | : | |
| 350 Portsmouth Street | : | |
| Jackson, Ohio 45640 | : | |
| | : | |
| and | : | |
| | : | |
| Aldan Mapes | : | |
| 350 Portsmouth Street | : | |
| Jackson, Ohio 45640 | : | |
| | : | |
| and | : | |
| | : | |
| Brittany Angel | : | |
| 350 Portsmouth Street | : | |
| Jackson, Ohio 45640 | : | |
| | : | |
| and | : | |
| | : | |
| John Does 1-20 | : | |
| Whose Names and Addresses | : | |
| Are Currently Unknown | : | |
| | : | |
| Defendants. | : | |

Now comes Sandra M. Moore, Administrator of the Estate of James A. White, and for her complaint states as follows:

## PARTIES

1. Plaintiff, Sandra M. Moore (Moore), is the duly appointed administrator of the estate of James A. White. Moore is a resident of Jackson County, Ohio.

2. Defendant Tedd E. Frazier (Frazier) is the duly elected sheriff of Jackson County, Ohio. As the sheriff of Jackson County, Ohio, Moore is responsible for managing the Jackson County Correctional Facility (JCCF) and for supervising his employees who work at the Jail as corrections officers.

3. Defendants Scott Conley (Conley), Aldan Mapes (Mapes) and Brittany Angel (Angel) are employees or agents of Frazier who were working within the course and scope of their employment with Frazier at all relevant times herein.

4. Defendants John Does 1-20 are employees or agents of Frazier who were working within the course and scope of their employment with Frazier at all relevant times herein, whose names are currently unknown to Plaintiff.

## JURISDICTION

5. This court has subject matter jurisdiction over this matter under 42 U.S.C. §1983.

6. This court has personal jurisdiction over Frazier in this matter as he is the duly elected sheriff of a county within the southern judicial district of the state of Ohio and in the eastern division of the southern district.

7. This court has personal jurisdiction over Conley, Mapes and Angel as they are employees or agents of Frazier at JCCF, which is within the southern judicial district of Ohio.

8. This court has personal jurisdiction over John Does 1-20 as they are employees or agents of Frazier at JCCF, which is within the southern judicial district of Ohio.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. On or about October 7, 2019, James A. White (White) was charged with two misdemeanor offenses in the Jackson County Municipal Court (Municipal Court) in Jackson, Ohio.

10. Upon information and belief, White was arrested for the offenses on or about October 4, 2019 and incarcerated in JCCF at that time.

11. On October 7, 2019, the Municipal Court arraigned White on the offenses and issued a cash bond in the amount of $1,000.00, which White was apparently unable to post.

12. Upon being incarcerated in JCCF, or shortly thereafter, White reported to the staff at JCCF, including Conley, Mapes, Angel and John Does 1-20 (collectively "jail staff"), that he was experiencing extreme pain and discomfort in his abdominal area, at points crying out in severe agony from his cell. The jail staff ignored his pleas for help, never seeking any medical attention on White's behalf.

13. On October 9, 2019, after suffering in tremendous agony for several days, White died in his cell. His cell mate attempted to resuscitate him, unsuccessfully, and notified the jail staff of his death. The jail staff failed to respond to this report for more than thirty (30) minutes. The Jackson County Coroner concluded that White was suffering from peritonitis and an ischemic colon, which ultimately resulted in his death.

## FIRST CAUSE OF ACTION
**Eighth Amendment – Failure to Provide Medical Care (42 U.S.C. §1983)**

14. Moore incorporates the averments contained in paragraphs one (1) through thirteen (13) as if fully restated herein, and further states that Frazier, Conley, Mapes, Angel and John Does 1-20 (collectively "Defendants") deprived White of necessary medical care in violation of

the Eighth Amendment's prohibition against cruel and unusual punishment, as applied to state actors by the Fourteenth Amendment, and as prohibited by 42 U.S.C. §1983.

15. The Defendants were aware of White's urgent and serious need for medical care as expressed to them through White's own words and actions and the words and actions of other inmates, and they deliberately disregarded the risk to White's health and safety by failing to adequately respond to his reports of his severe abdominal pain, including but not limited to failing to seek medical attention on his behalf or to take other reasonable actions to abate the risk to White.

16. The Defendants further failed to provide adequate medical care to White while he was in the custody of the Jackson County Sheriff's Office or while he was housed in the Jackson County Correctional Facility.

17. The Defendants' deliberate indifference to the health and safety of White was a direct and proximate cause of White's death.

18. Moore brings this cause of action as the administrator of White's estate and seeks wrongful death damages on behalf of White's parents, children, spouse, siblings and next of kin who may be entitled to compensation for the violation of his Constitutional rights, and for the pain and suffering that he unnecessarily experienced while incarcerated at JCCF.

## SECOND CAUSE OF ACTION
**Failure to Train or Supervise (42 U.S.C. §1983)**

19. Moore incorporates the averments contained in paragraphs one (1) through eighteen (18) as if fully restated herein, and further states that Frazier failed to adequately train and supervise his employees, agents, deputy sheriffs and corrections officers, including Conely, Mapes, Angel and John Does 1-20, with respect to identifying, preventing and responding to the medical needs of the inmates incarcerated in the Jackson County Correctional

Facility, specifically with respect to identifying and responding to the needs of inmates who express a need for medical attention or who express a medical condition that requires immediate medical attention, in violation of 42 U.S.C. §1983.

20. Frazier has acted with a deliberate indifference in failing to adequately train and supervise his employees and agents.

21. Frazier's failure to adequately train and supervise his employees and agents contributed to and caused the death of White.

22. Moore brings this cause of action as the administrator of White's estate and seeks wrongful death damages on behalf of White's parents, children, spouse, siblings and next of kin (collectively "next of kin") who may be entitled to compensation for the violation of his Constitutional rights, and for the pain and suffering that he unnecessarily experienced while incarcerated at JCCF.

## THIRD CAUSE OF ACTION
### Negligence – Wrongful Death

23. Moore incorporates the averments contained in paragraphs one (1) through twenty-two (22) as if fully restated herein, and further states that Frazier, Conely, Mapes, Angel and John Does 1-20, and the employees and agents who were working within the scope of their employment with the Jackson County Sheriff's Office from October 4, 2019 to October 9, 2019, failed to keep White safe and to protect him from harm, including but not limited to failing to provide him with adequate medical care, and that as a direct and proximate result of that negligence, White died.

24. White's parents, children, spouse, siblings and next of kin have suffered loss and damage as a direct and proximate result of White's death and they are entitled to compensation pursuant to R.C. 2125.02(B).

25. Moore further claims as damage the reasonable cost of his funeral expenses.

**FOURTH CAUSE OF ACTION**
**Negligence – Survival Claim**

26. Moore incorporates the averments contained in paragraphs one (1) through twenty-five (25) as if fully restated herein, and further states that as a direct and proximate cause of the negligence of the Defendants, White experienced pain and suffering of the body and mind prior to his death.

WHEREFORE, Plaintiff demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of $1,000,000.00 as to each cause of action; for funeral and burial expenses; for loss of consortium of White's next of kin; for interest; for reasonable attorneys' fees; for courts costs; and for such other relief to which Moore and White's next of kin may be entitled.

Respectfully Submitted

*/s/ M. Shawn Dingus*
_____
M. Shawn Dingus, Esq. (0070201)
Adam Morris, Esq. (0096754)
Plymale and Dingus LLC
136 W. Mound St.
Columbus, Ohio 43215
Telephone: (614) 542-0220
Fax:  (614) 542-0230
sdingus@dinguslaw.com
amorris@dinguslaw.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands that all triable issues presented in this complaint be tried before a jury of at least eight (8) persons.

*/s/ M. Shawn Dingus*

_____

M. Shawn Dingus, Esq. (0070201)